# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KENNETH HOWARD NEWTON,**

    **Plaintiff,**

**-vs-**                                                                    **Case No. 6:14-cv-856-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and Supplemental Security Income, alleging that he became unable to work on August 7, 2010 (R. 235-43). The agency denied Plaintiff's applications initially and on reconsideration. Plaintiff requested and received a hearing before an administrative law judge ("the ALJ"). Following a supplemental hearing, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 87-108). The Appeals Council declined to grant review (R. 3-8), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "depression, adhd, leg injury, mental and emotional conditions, bipolar, hernia, throw up blood, bleeding ulcers" (R. 254).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty-four years old as of the date of decision (R. 235), with an eighth grade education (in special education classes) (R. 255), and past relevant work as a day laborer, retail stocker, fast food worker, and dishwasher (R. 60-61).

In addition to the medical reports and opinions of the treating providers, the record includes the testimony of Plaintiff, his wife, and a Vocational Expert ("the VE"); written forms and reports completed by Plaintiff; third party reports; and opinions from state agency examiners and reviewers. The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the ALJ found that Plaintiff had the severe impairments of: degenerative joint disease; borderline intellectual functioning; hernia; and ulcers (20 CFR 404.1520(c) and 416.920(c)) (R. 93), but does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 93-94). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work, finding:

> He can lift up to 30 pounds occasionally and 20 pounds frequently. He requires an option to sit/stand at will. He should never climb ladders, ropes, and scaffolds, but he can occasionally climb ramps and stairs. He can occasionally bend, stoop, kneel, crouch, and crawl. He should avoid vibration and temperature extremes. He is limited to simple, routine work and can understand and carry out work and maintain concentration, persistence, and pace necessary for focusing two hours at a time. He is able to adapt to simple changes in the workplace and can understand and avoid workplace hazards. He is able to interact appropriately with others but would be better off working in a task-oriented rather than a production pace type job.

(R. 94).

The ALJ determined that Plaintiff was unable to return to any past relevant work (R. 100). With the assistance of the Vocational Expert, the ALJ determined that there are jobs that exist in

significant numbers in the national economy that the claimant can perform (R. 100-101), and he was, therefore, not disabled (R. 101).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises one issue for review, contending that the ALJ did not properly evaluate the opinion of an examining (but not treating) source. The Court reviews this objection in the context of the sequential evaluation utilized by the ALJ.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Dr. Kindelan*

On June 13, 2012, Plaintiff was sent for a psychological consultation with Dr. Kevin Kindelan, Ph.D, by his retained non-lawyer representative (R. 666). Dr. Kindelan performed a clinical interview and completed psychological testing. He also performed a review of Plaintiff's school records (R. 667). As the ALJ summarized:

> Dr. Kindelan examined the claimant in June 2012 and administered a number of intellectual/cognitive tests (Exhibit 21F). These indicated that the claimant's memory abilities are poor and that his reading skills are roughly equivalent to those of a 1st grade student (Id.). On the Wechsler Memory Scale-Fourth Edition, the claimant scored in only the 9th percentile on the Verbal Paired Associates I subtest and only the 1st percentile on the Logical Memory I subtest (Id.). His immediate auditory memory abilities were described as well below average (Id.). On the Reading subtest from the Wide Range Achievement Test III (WRAT III), his score placed him in only the 1st percentile (Id.). Dr. Kindelan diagnosed the claimant with Borderline Intellectual Functioning (BIF) and a Reading Disorder, and opined that he would be able to recall simple instructions and perform simple and routine tasks, but would be unable to adapt to routine workplace changes (Id. at p. 1).

(R. 96).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)  When determining the weight to give a doctor's opinion, an ALJ may consider numerous factors, including whether the doctor examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  By contrast, a consultant's findings are not entitled to special weight or the deference given to a treating provider. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Anderson v. Commissioner of Soc. Sec.*, 441 Fed. Appx. 652, 653 (11th Cir. 2011) (per curiam).

While Plaintiff frames his objection as a failure to properly evaluate the opinion of the "treating physician" in this case (Brief, p. 12), Dr. Kindelan did not treat Plaintiff, but was a one time examiner. As such, his opinions must be evaluated under *Winschel,* but are not due special deference.

Applied here, the ALJ found Plaintiff's statements (and that of his wife) regarding his cognitive difficulties to be "largely credible" (R. 96) and gave "great weight" to Dr. Kindelan's testing and observations "generally," but gave "little weight to Dr. Kindelan's statement that the claimant

cannot adapt to routine workplace changes," finding that the "evidence of record weighs against this and similar statements" (R. 97). Plaintiff contends this is error.

The ALJ gave a particularized explanation for crediting only part of Dr. Kindelan's opinion, noting:

> Dr. Kindelan's own observations provide no basis to conclude that the claimant cannot adapt to routine workplace changes. Dr. Kindelan, for example, observed that the claimant could follow simple commands and that he was well-oriented to time with organized thoughts, adequate expressive and receptive language skills, and adequate immediate memory functioning (Exhibit 2n: p. 2-3). The claimant's work history also provides some insight into his abilities as he has worked relatively consistently for some years and has held a number of jobs at the unskilled level such as construction day laborer, dishwasher, and flagger (vocational expert and claimant hearing testimony; Exhibits I 4E, 29E). He has also held one low semi-skilled job, retail stocker (Id.). Although he may have had difficulty installing flooring with Mr. Bryan, the claimant was able to work as a stocker at Wal-Mart for approximately 6 years between December 2001 and December 2007 (Exhibits 14E, 29E)-long after Mr. Bryan let the claimant go as a carpet installer. When the claimant worked at Walmart, his earnings were low but increased during his 7 years (e.g., he earned $16,232.21in2002, $18,799.35 in 2003, $18,753.69 in 2004, $29,296.84 in 2005, $23, 773.27 in 2006, and $31,995.66 in 2007) (Exhibit 3D). The claimant clearly adapted to workplace changes and to this simple work. With simple instructions, moreover, memory is not a significant problem.

(R. 97).

In addition, the ALJ found persuasive the examining and non-examining State agency medical consultant assessments (R. 97). The ALJ detailed the findings of examining State agency consultant, Felix Ortiz, Psy.D., which indicated that the claimant exhibited limitations in attention and concentration, mental flexibility, auditory and written expressive language, and mental computation, but noted the Plaintiff made adequate eye contact, exhibited adequate cooperation and effort, answered all questions presented and gave specific information and dates without difficulty. His grooming was appropriate, his speech and thought content were unremarkable, his thought processes were coherent, logical, and goal-directed, and his insight was adequate. He also had adequate auditory and written receptive language, adequate immediate memory, and normal recent memory. He had normal social problem-solving and judgment related to self-care. Although he reported symptoms of

-6-

depression and posttraumatic stress, Dr. Ortiz characterized those symptoms as mild-moderate and assigned the claimant a moderate GAF score of 55 (R. 97, citing to Exhibit 4F, R. 482-485).

The ALJ noted that non-examining State agency medical consultant, Steven Wise, Pys.D., found that the claimant has only mild-moderate limitations (R. 97, citing Exhibits 5F-6F). Dr. West opined that the claimant can do simple, repetitive-type tasks or manual-type repetitive tasks; understand and remember basic tasks; carry out simple tasks; maintain concentration and attention for routine, uncomplicated tasks for 2-hour periods during an 8-hour workday; complete a normal workweek without excessive interruptions from psychologically-based symptoms; relate to supervisors and coworkers; and adapt to simple changes and avoid workplace hazards (R. 98, citing Exhibit 6F).

The ALJ also cited to Plaintiff's limited mental health treatment history, noting it was brief and conservative, with GAF scores that were generally over 50 (R. 98, citing treatment records). Moreover, the ALJ noted Plaintiff's "relatively normal" activities of daily living, including driving, watching his children (both were in the 5th grade at the time of the hearing in September 2012), helping with household chores (e.g., washing dishes, taking out trash), going to the grocery store with his wife, and using the computer (albeit with some help from his family), watching television, and spending time with others at least once or twice a month (R. 98).

Despite this detailed explanation, Plaintiff contends that the ALJ's conclusion not to credit the opinion that Plaintiff cannot adapt to routine workplace changes is incorrect because: 1) the testing results alone "could certainly account for the limitation assessed by Dr. Kindelan," 2) Plaintiff's poor memory and statement that he could remember simple immediate instructions but could not remember what he had learned the day before "would support a finding that he could not adapt to changes in the routine;" and 3) Plaintiff's reading level "could be a factor indicating the inability to retain changing information." Plaintiff also contends that full weight should be given as Dr. Kindelan reviewed

-7-

Plaintiff's school records. Moreover, Plaintiff argues that Dr. Ortiz's finding that Plaintiff's mental flexibility was moderately impaired "could certainly limit one in being able to adapt to changes in the workplace" and it was not appropriate to rely on Plaintiff's work history with Wal-mart as his "condition may have worsened after he left Wal-mart."

Setting aside the fact that most of these contentions are based on supposition, Plaintiff's contentions at most, argue that a *different* conclusion *could* be supported by the evidence. At issue, however, is not whether there is evidence to support a different finding (the Court agrees that there is), but whether *this* finding, made by the person charged with the task of reviewing the evidence and formulating the RFC in the first instance, is supported by substantial evidence and was made in accordance with proper legal standards. Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for his findings, and his conclusions are supported by the evidence he cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted). As the Court finds the decision meets the legal standard, no error is shown.

A final note is in order. The record shows that Plaintiff is a hard-working individual facing some significant challenges. It is notable that the ALJ found him to be credible in large measure. Nonetheless, the law defines disability as the inability to do *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or *any other* substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue

before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, the decision is affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 23, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record